1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**
9       **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  TYRONE ROGERS,                              Case No.:  16-cv-01943-MMA-BGS
12                          Petitioner,
                                                **REPORT AND**
13  v.                                          **RECOMMENDATION REGARDING**
                                                **RESPONDENT'S MOTION TO**
14  JOSIE GASTELO, Warden,                      **DISMISS PETITION FOR WRIT OF**
                                                **HABEAS CORPUS**
15                          Respondent.
                                                **[ECF NO. 16]**
16
17

18      **I.      INTRODUCTION**

19          Petitioner Tyrone Rogers ("Petitioner"), a state prisoner proceeding pro se and in

20  forma pauperis, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28

21  U.S.C. § 2254, challenging his 1994 conviction in San Diego County Superior Court case

22  number SCD106382.  (ECF No. 8.)[1]  Respondent Josie Gastelo ("Respondent") moves to

23  dismiss the Petition contending: (1) the Court lacks jurisdiction over the Petition as

24  Petitioner cannot satisfy the "in custody" requirement under the Antiterrorism and

25

26  _____

27  [1] The Court cites the CM/ECF pagination when referencing the Amended Petition and attached exhibits
    (ECF No. 8), Respondent's Motion to Dismiss (ECF No. 16), Petitioner's Opposition (ECF No. 18) and
28  all Lodgments (ECF No. 17).

Effective Death Penalty Act of 1996 ("AEDPA"); (2) the Petition is time-barred under the AEDPA; and (3) all claims are procedurally defaulted. (ECF No. 16 at 1-2.) Petitioner's opposition to the motion ("Opposition") was filed on October 4, 2017. (ECF No. 18.)

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the Unites States District Court for the Southern District of California. Based on the documents and evidence presented, and for the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 16) be **GRANTED** and that this action be **DISMISSED** with prejudice.

## II. BACKGROUND

### A. 1994 Burglaries and Conviction

In 1994, a jury convicted Petitioner of two counts of first degree residential burglary under California Penal Code[2] §§ 459, 460 in case number SCD106382. (Lodgment 1; Lodgment 10 at 1.) On April 6, 1995, the San Diego County Superior Court sentenced him to four years in state prison on each count to be served concurrently. (Lodgment 2 at 10.) Petitioner appealed his conviction contending he was denied his constitutional right to trial by an impartial jury. On August 29, 1996, the California Court of Appeal rejected this argument and affirmed the judgment on direct appeal. (Lodgment 3.) Based on Respondent's Lodgments, Petitioner did not seek review in the California Supreme Court. (*See* Lodgments, ECF No. 17.) He has completed serving the custodial portion of that sentence. (Lodgment 5 at 1.)

### B. 2004 Rape and Attempted Rape Offenses and Conviction

In 2004, Petitioner waived a jury trial and was found guilty in the San Diego Superior Court case number SCD176027 of rape by a foreign object of an unconscious victim pursuant to Penal Code § 289(D) and attempted rape of an unconscious person pursuant to

---

[2] All future references to the "Penal Code" refer to the California Penal Code.

Penal Code §§ 664, 261(A)(4). (Lodgment 5 at 1.) He was sentenced to a term of twenty-five years to life, plus two consecutive five-year enhancements for the 1994 burglary conviction pursuant to Penal Code § 667(A)(1) ("any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately"). (*Id.*; Lodgment 14 at 1.) On appeal, his sentence was modified to strike one of the five-year enhancements, and his conviction was otherwise affirmed. (*Id.*)

Petitioner unsuccessfully petitioned for habeas corpus relief in the state and federal courts. (*See* Lodgment 4; *Rogers v. Giurbino*, 619 F. Supp. 2d 1006 (S.D. Cal. 2007) [order denying habeas petition filed on Nov. 17, 2006 challenging Petitioner's 2004 conviction].)[3]

### C. Collateral Proceedings Regarding the 1994 Conviction

In 2007, Petitioner filed his first state collateral action in the San Diego County Superior Court challenging his 1994 conviction. (Lodgment 5.) In this petition, he claimed ineffective assistance of counsel in failing to investigate and regarding post-trial motions

---

[3] Although not included as Lodgments by Respondent, Petitioner also filed petitions for writ of habeas corpus regarding his 2004 conviction in the California superior court and appellate court. *See In re Tyrone Rogers*, No. D050367, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=467107&doc_no=D050367&request_token=NiIwLSIkXkw4W1ApSCNdTE5IMEA6UkxbJiJeSzxSQCAgCg%3D%3D (last visited Aug. 10, 2018). The website for the California Courts, which contains the court system's records for filings in the California Court of Appeal, is subject to judicial notice. Fed. R. Evid. 201(b) (a court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of court records). Accordingly, the Court takes judicial notice of the California Fourth Appellate District, Division 1 docket in *In re Tyrone Rogers*, case number D050367 *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=467107&doc_no=D050367&request_token=NiIwLSIkXkw4W1ApSCNdTE5IMEA6UkxbJiJeSzxSQCAgCg%3D%3D (last visited Aug. 10, 2018). Petitioner's state habeas petitions regarding his 2004 conviction were denied on January 16, 2007 and June 14, 2007, respectively. *Id.* A subsequent petition to the California Supreme Court was summarily denied on August 22, 2007. (Lodgment 4.)

and prosecutorial misconduct. The petition was denied on May 22, 2007 on the basis that Petitioner failed to meet the jurisdiction requirements for habeas relief because he was not in actual or constructive custody regarding his 1994 conviction. (*Id.* at 2 [quoting *In re Azurin*, 87 Cal. App. 4th 20, 25 (2001)].)

Petitioner then filed a habeas petition with the California Court of Appeal raising the same claims. (Lodgment 6.) The court denied the petition on August 30, 2007 holding that the "newly discovered evidence" Petitioner relied on was "not new and [did] not establish clear and fundamental constitutional error." (*Id.* at 2.) The same petition was summarily denied by the California Supreme Court on October 31, 2007. (Lodgment 7.)

In 2015, Petitioner filed a petition for resentencing pursuant to Penal Code § 1170.18, which was enacted by the California voters via Proposition 47, with the San Diego County Superior Court. (*See* Lodgment 9 at 4-5.) Effective November 5, 2014, Proposition 47 made certain penal provisions misdemeanors and authorized a petition under Penal Code § 1170.18 for the recall of certain felony sentences under certain conditions. (Lodgments 8, 9.) The court denied the petition, holding that Petitioner's commitment offenses, the 1994 residential burglaries were, "each for a violation which is not included in the crimes affected by the initiative." (Lodgment 8 at 1-2.) The California Court of Appeal and Supreme Court subsequently affirmed. (Lodgments 9-12.)

On December 8, 2015,[4] Petitioner constructively filed a habeas petition in the San Diego Superior Court again attacking his 1994 conviction. (Lodgment 13.) As is relevant to the claims at issue here, he claimed the trial court improperly failed to hear a new-trial motion and that the trial court erred in considering the intended sexual offense felony underlying each of Petitioners' burglaries. (*Id.* at 12-15.) The petition was denied on

---

[4] A notice of appeal by a *pro se* prisoner is deemed constructively filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 267 (1988). The *Houston* mailbox rule applies for purposes of calculating the one-year AEDPA limitations period as to a *pro se* prisoner's federal habeas petition and the state court habeas petition that began the period of tolling. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000). The Court applies this principle throughout its discussion of Petitioner's filing of state and federal habeas petitions.

January 25, 2016. (Lodgment 14.) Noting that Petitioner was in custody pursuant to his 2004 conviction and not his 1994 conviction, the court held that Petitioner failed to satisfy the "jurisdictional requirements that he be in custody based on the conviction he is challenging in th[e] petition." (*Id.* at 3.)

On March 22, 2016, Petitioner constructively filed a nearly identical habeas petition in the California Court of Appeal.[5] (Lodgment 15.) On April 1, 2016, the petition was denied as "untimely, repetitive, successive, and an abuse of the writ." (Lodgment 16 [citing *In re Reno*, 55 Cal. 4th 428, 459, 496-97, 501, 511 (2012); *In re Clark*, 5 Cal. 4th 750, 769, 799 (1993)].)

On April 11, 2016, Petitioner constructively filed a habeas petition in the California Supreme Court raising the same two claims discussed with regards to his December 8, 2015 petition to the San Diego Superior Court. (Lodgment 19 at 1-6.) The petition was summarily denied on May 18, 2016. (Lodgment 20.)

**D. The Instant Federal Habeas Corpus Petition**

On July 28, 2016, Petitioner constructively filed a federal habeas petition initiating this case. (ECF No. 1.) On August 16, 2016, Petitioner's motion for leave to proceed in forma pauperis was granted. (ECF No. 4.) In the same order, the Court dismissed the petition for lack of subject matter jurisdiction, because "Petitioner has not received the necessary authorization [from the Ninth Circuit Court of Appeals] to file a second or successive petition, the Court lacks jurisdiction over those claims." (*Id.* at 4.) Petitioner then filed an application with the Ninth Circuit to file a second successive 28 U.S.C. § 2254 habeas corpus petition in the Southern District of California. (ECF No. 5.) The Ninth Circuit issued an order on May 26, 2017 denying "as unnecessary the application to file a

---

[5] Additionally, he filed a petition for writ of mandate with the California Court of Appeal requesting that the court compel the trial court to grant relief. (Lodgment 17.) The mandate petition was denied. (Lodgment 18.)

second or successive habeas petition" and permitting the district court to reopen the proceedings. (*Id.* at 2.)

Petitioner constructively filed the operative amended petition ("Petition") on June 8, 2017.[6] (ECF No. 8.) On August 30, 2017, Respondent moved to dismiss the Petition contending: (1) the Court lacks jurisdiction over the Petition as Petitioner cannot satisfy the "in custody" requirement under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); (2) the Petition is time-barred under the AEDPA; and (3) all claims are procedurally defaulted. (ECF No. 16. at 1-2.) Respondent also lodged documents relevant to her motion. (Lodgments, ECF No. 17.) Petitioner subsequently filed an opposition to the motion ("Opposition") along with his own notice of lodgments. (ECF Nos. 18, 19.)

## III. RELEVANT LAW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts expressly permits a district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.").

## IV. DISCUSSION

### A. Petitioner Has Not Satisfied the AEDPA's In Custody Requirement

Respondent argues that Petitioner's claims challenging the constitutionality of his 1994 burglary conviction are barred by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001) and that he does not fall under any exception permitting a prisoner to challenge a prior conviction used to enhance his current sentence. (*See* ECF No. 16-1 at

---

[6] Petitioner removed a cause of action from his original petition in his amended petition regarding Proposition 47. (*Compare* ECF No. 1 at 7, *with* ECF No. 8.)

8-9.) Petitioner argues he does meet the requirements for an exception. (ECF No. 18 at 2-3.) For the reasons discussed below, Petitioner is incorrect.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). Accordingly, federal courts have jurisdiction to consider habeas petitions by individuals challenging state court criminal judgments only if the petitioner is "in custody" under the conviction challenged in the petition at the time the petition is filed. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional); *see Lackawanna*, 532 U.S. at 401 ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'").

Generally, if a Petitioner's sentence is fully expired, he is precluded from challenging that conviction because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam); *Lackawanna*, 532 U.S. at 403-04 ("once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."). However, there are two limited exceptions to this rule that permit a prisoner to challenge a prior conviction used to enhance his current sentence: (1) if the prior conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment"; or (2) if "a habeas petition directed at the enhanced sentence [is] effectively . . . the first and only forum available for review of the prior conviction", e.g., when a state court "without justification, refuse[d] to rule on a constitutional claim . . . properly presented to it" or if the petitioner uncovered "compelling evidence" of his innocence that could not have been timely discovered after the time for review had expired. *Lackawanna*, 532 U.S. at 404; *id.* at 405-06 (plurality opinion); *see also Durbin v. People v. California*, 720 F.3d 1095, 1098 (9th Cir. 2013) (recognizing

16-cv-01943-MMA-BGS

exception to *Lackawanna* rule where prisoner, despite exercising reasonable diligence, did not receive a full and fair opportunity to obtain state court review of prior conviction).

Here, Petitioner has fully served the four-year sentence he received for the 1994 conviction, so he is no longer "in custody" pursuant to that conviction. (*See* Lodgment 2 at 10; Lodgment 5 at 1 [he "has completed the custodial portion of that sentence"].) However, his 1994 conviction was used to enhance the sentence he is currently serving regarding his 2004 conviction. (*See* Lodgment 5 at 1; Lodgment 14 at 1.) Accordingly, unless Petitioner falls under one of the exceptions set forth in *Lackawanna County*, the Court lacks jurisdiction to consider his Petition. *See* 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 492 (holding "in custody" requirement not satisfied if sentenced has already been served); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007) (quoting *Lackawanna County*, 532 U.S. at 403-04). Despite Petitioner's argument that the above exceptions apply, he fails to meet the criterion for either exception set forth in *Lackawanna County*.

First, Petitioner argues that because the 1994 conviction was "obtain[ed] allegedly on a Sixth Amendment violation", even though the claims in the Petition are "not based on an argument of Sixth Amend[ment]", he satisfies the criteria for the first exception which applies when a prisoner was not appointed counsel on the conviction used to enhance his current sentence. (ECF No. 18 at 3.) However, the state court records show that not only was Petitioner represented by counsel during his trial, he was appointed a second "conflict counsel" to determine whether filing a motion for a new trial was warranted. (*See* Lodgment 2 at 3 [both trial counsel and conflict counsel for Petitioner appeared at his April 6, 1995 sentencing].) Further, to the extent Petitioner is trying to claim ineffective assistance of conflict counsel,[7] an ineffective assistance of counsel claim does not satisfy

---

[7] Petitioner alleges that "conflict counsel was absent during all three court hearing procedurals" and he was "effectively rendered without counsel". (ECF No. 18 at 3.) However, this is not supported by the record before the Court. The record shows that conflict counsel was present at Petitioner's sentencing

the exception set forth in *Lackawanna County*. *See Lackawanna*, 532 U.S. at 403-04 (explaining the "special status" of *Gideon v. Wainwright*, 372 U.S. 335 (1963) claims that warrants an exception to the general prohibition against challenging expired prior convictions used to enhance a sentence in a later case); *also Gideon*, 372 U.S. at 337 (failure to appoint counsel at all); *Santos v. Maddock*, 249 F. App'x 523 (9th Cir. 2007) (rejecting prisoner's argument that his ineffective assistance of counsel claim satisfied the exception to the "in custody" requirement for a sentence enhanced on the basis of a prior conviction obtained without counsel); *Patterson v. Beard*, No. 13CV1536-MMA DHB, 2015 WL 412841, at *9 (S.D. Cal. Jan. 30, 2015) ("Petitioner does not argue he lacked counsel. Rather, he only argues his lawyer rendered ineffective assistance with respect to the 1999 plea."). Petitioner does not fall within the first *Lackawanna County* exception.

Second, Petitioner does not meet the criteria for the second *Lackawanna County* exception as he has not shown that the state courts, without justification, refused to rule on any properly presented constitutional claim. There is no indication in the record that a state court ever unjustifiably refused to rule on Petitioner's properly presented challenge to his 1994 conviction. *See Lackawanna*, 532 U.S. at 405-06. In his Opposition, he generally states that "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction", but critically, he does not state how that was the case regarding his 1994 conviction. (ECF No. 18 at 3 [citing *Daniels v. United States*, 532 U.S. 374 (2001)].) A review of his state court filings shows that Petitioner timely challenged his 1994 conviction in state court via direct appeal. (Lodgment 3.) However, he waited until 2007 to collaterally challenge the 1994 conviction, long after his four-year sentence expired, and only did so in response to his twenty-five year to life sentence following his 2004 conviction. (*See* Lodgments 5 [May 22, 2007 order denying Petitioner's habeas petition regarding his 1994 conviction as he

---

hearing for his 1994 conviction and informed the trial court that there was no basis for filing a motion for a new trial. (Lodgment 2 at 3.)

was no longer "in custody" pursuant to his 1994 conviction]; Lodgment 6 [August 30, 2007 order denying Petitioner's habeas petition regarding his 1994 conviction as his "newly discovered evidence" was not new and did not establish constitutional error]; Lodgment 7 [October 31, 2007 order denying petition for review].)  By the time he challenged the 1994 conviction, his state claims were not "properly raised", as he was no longer "in custody" for the conviction and the claims were untimely, successive, and an abuse of the writ.  (*See* Lodgments 14 [January 25, 2016 order denying Petitioner's habeas petition regarding his 1994 conviction because he was not "in custody based on the conviction he is challenging in this petition"], Lodgment 16 [April 1, 2016 order denying habeas petition regarding 1994 conviction as "untimely, repetitive, successive, and an abuse of the writ"]; Lodgment 20 [May 18, 2016 order denying petition for review].); *compare Durbin*, 720 F.3d at 1099 (petitioner could attack prior conviction where state courts wrongly told him he was ineligible for state habeas relief).  Further, Petitioner has not demonstrated that he was actually innocent of the 1994 crimes for which he was convicted nor has he provided any new "compelling evidence."  He does not meet the requirements for the second *Lackawanna County* exception and is barred from seeking federal habeas review of his 1994 conviction.

Accordingly, the Court **RECOMMENDS** that the Petition be **DISMISSED** because Petitioner has failed to satisfy § 2254(a)'s "in custody" requirement and the Court does not have jurisdiction over Petitioner's claims.  *See Lackawanna*, 532 U.S. at 401.

**B. The Petition Is Barred By The Statute Of Limitations Under AEDPA**

**1. The AEDPA's One-Year Statute of Limitations**

The instant petition was filed after April 24, 1996 and is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA provides a one-year statute of limitations for filing a habeas corpus petition in federal court.  *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)).  The enactment of the AEDPA amended 28 U.S.C. § 2244 by adding the following section:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Here, Subsection (B) is not applicable to Petitioner. He has provided no argument or evidence that there were state impediments preventing him from seeking further relief. The Court addresses the applicability of the remaining provisions below.

## 2. As *Johnson v. United States* is Inapplicable, Petitioner's AEDPA Limitations Period Did Not Begin to Run Under 28 U.S.C. § 2244(d)(1)(C)

Petitioner argues the Petition is timely pursuant to 28 U.S.C. § 224(d)(1)(C), which provides that the one-year limitations period does not begin to run until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases

16-cv-01943-MMA-BGS

on collateral review." (*See* ECF No. 18 at 4 [citing 28 U.S.C. § 224(d)(1)(C)].)[8]  He claims that because *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015) provides "a new rule of law made retroactive to cases on collateral review", he "should meet . . . the guidelines satisfying the statute." (*Id.*)  Respondent argues that Petitioner is not entitled to a later start date pursuant to Subsection C because "*Johnson* does not apply to his claims." (ECF No. 16-1 at 11.)  For the reasons discussed below, Respondent is correct.

In his third ground for relief entitled "Burglary Disproportionate to Expresses and Implied Sexual Elements According to *Johnson v. United States* . . . ", Petitioner references *Johnson*'s holding.  (ECF No. 8 at 8.)  He claims *Johnson* held "the residual clause (18 U.S.C. § 924(e)) violates due process when elements or factors are extremely disproportionate to create new offenses that require separate punishment." (ECF No. 18 at 8.)  Petitioner attempts to link this concept to the prosecutor's use at trial of the fact that Plaintiff had a condom in his hand during the burglary at issue to "express[ ] to the jury that [Petitioner] had the intent to commit a sexual act upon the victim." (*Id.*)  However, as discussed below, *Johnson* simply does not apply to Petitioner's claims.

In *Johnson*, the Supreme Court found the residual clause of the federal Armed Career Criminal Act ("ACCA") unconstitutionally vague.  135 S. Ct. at 2557.  The ACCA provides for a longer sentence for those with "three or more prior convictions for a 'serious drug offense' or a 'violent felony'", with "violent felony" defined as certain listed offenses and offenses that fall within the Act's residual clause by "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555.  The Court found the inquiry to determine what qualified under the residual clause denied "fair notice to defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557.  The Supreme

---

[8] Petitioner also argues that he should be able to satisfy 28 U.S.C. § 2244(b)(2)(A) guidelines pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015).  Section 2244(b)(2) sets forth the requirements for a petitioner to be able to present a second or successive habeas petition.  As the Ninth Circuit already addressed the successive petition issue, and it was not raised by Respondent in her Motion to Dismiss, the Court does not address the issue here.

Court specifically limited its holding to the residual clause, explaining that the "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563; *see id.* at 2555 (one of the enumerated offenses in the ACCA is burglary).

Petitioner was not sentenced under the ACCA or even a state equivalent. In 2004, he was sentenced under California's Three Strikes Law to twenty-five years to life in state prison based on his 2004 conviction for rape by a foreign object of an unconscious victim pursuant to Penal Code § 289(D) and attempted rape of an unconscious person pursuant to Penal Code §§ 664, 261(A)(4) and his prior 1994 conviction for two counts of first degree burglary pursuant to Penal Code §§ 459, 460 he challenges in this Petition. (Lodgment 1; Lodgment 5 at 1 Lodgment 10.) Presumably, Petitioner is attempting to undermine his 1994 conviction so the two counts of first degree burglary will no longer count as strikes against him, which made him subject to an indeterminate life sentence under California's Three Strikes regime. *See* Cal. Penal Code § 667(e)(2)(a)(ii) (effective to Nov. 6, 2012) ("If a defendant has two or more prior felony convictions as defined in subdivision (d) . . . the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of . . . [i]mprisonment in the state prison for 25 years."); § 667(a)(1) ("any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately"); § 667(d)(1) ("a prior conviction of a felony shall be defined as: [a]ny offense defined in . . . subdivision (c) of Section 1192.7 as a serious felony in this state . . . ."); § 1192.7(c)(18) (effective Sept. 17, 2002 to Dec. 19, 2006) (defining a "serious felony" as "any burglary of the first degree").

There is no counterpart to the ACCA's residual clause in California's Three Strikes law. *See Ortiz v. Castello*, No. EDCV161847AGAGR, 2016 WL 7471300, at *1 (C.D.

Cal. Dec. 27, 2016), *certificate of appealability denied sub nom. Ortiz v. Gastelo*, No. 17-55099, 2017 WL 7049871 (9th Cir. Aug. 3, 2017); *Brockett v. Sherman*, No. 17-CV-00984-SI, 2018 WL 2197523, at *3 (N.D. Cal. May 14, 2018) ("*Johnson* does not have any applicability to California's Three Strikes sentencing law and therefore does not recognize a new rule of constitutional law with regard to California's Three Strikes law."). Further, the language at issue in *Johnson*, regarding the definition of a "violent felony", does not appear anywhere in the Three Strike law. It is possible Petitioner is latching onto the similarity between the ACCA's defined term "violent felony" and the defined term "serious felony" under the California Three Strikes regime. *See* Cal. Penal Code § 667(d)(1) (referencing "serious felony") and § 1192.7(c) (defining "serious felony"). However, the Three Strikes law specifically defines a "serious felony" to include, among other crimes, first degree burglary, the crime for which Petitioner was convicted in 1994. *See* Cal. Penal Code § 1192.7(c)(18); *Brockett*, 2018 WL 2197523, at *2 n.2 (N.D. Cal. May 14, 2018) (describing the California Three Strikes Law and noting that first degree burglary is an expressly defined "serious felony"). The definition of "serious felony" simply contains no language that is analogous to the residual clause in *Johnson*. *See id.* Thus, Petitioner has not identified any language in the Three Strikes Law that is comparable to the ACCA's residual clause, and he has not identified any way in which the *Johnson* decision applies to his grounds for relief. *See Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2016 WL 4650059, at *6 (C.D. Cal. Aug. 1, 2016) (rejecting argument for later commencement date under Subsection C based on *Johnson*; Three Strikes law specifically defined the offense to which it was applied), *adopted*, No. CV 16-1568 RGK (SS), 2016 WL 4595209 (C.D. Cal. Sept. 2, 2016); *Coleman v. Hatton*, No. 117CV00940AWISKOHC, 2018 WL 2021038, at *6 (E.D. Cal. May 1, 2018) (same); *Johnson v. Cano*, No. CV 16-2135 CBM(JC), 2017 WL 6820013, at *3 (C.D. Cal. July 11, 2017) (same); *see Brockett*, 2018 WL 2197523, at *3 (rejecting argument for later commencement date under Subsection C based on *Johnson*; Three Strikes law specifically defined the offense, first degree burglary, to which it was applied).

Accordingly, *Johnson* created no new due process right applicable to Petitioner, and the limitations period prescribed in 28 U.S.C. § 224(d)(1)(C) does not apply.

### 3. Petitioner's AEDPA Limitations Period Did Not Begin to Run Under 28 U.S.C. § 2244(d)(1)(D)

Petitioner claims his Petition is also timely under 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", because he is "by far[ ] not an attorney yet multiple attorneys were assigned to him without either of them submitting a petition to any court pertaining [to] a trial court jurisdictional default."   (ECF No. 18 at 4 [citing 28 U.S.C. § 224(d)(1)(D)].)

The AEDPA statute of limitations may start to run on the date that a petitioner discovers, or could have discovered, the factual predicate of his claim.   28 U.S.C. § 224(d)(1)(D).  Critically, however, the time starts to run when the petitioner knows or through diligence could have discovered the factual predicate underlying his claims, not when the petitioner realizes their legal significance.  *Hansan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In the Petition, Petitioner sets forth three "grounds for relief", the first of which is his argument that he has satisfied AEDPA's requirements for filing a second or successive petition.  (*See* ECF No. 18 at 6.)  Because the Ninth Circuit Court of Appeal already addressed this issue, and it was not raised by Respondent in her Motion to Dismiss, the Court does not address it here.  The facts underlying Petitioner's other two grounds for relief, which stem from conflict counsel's alleged absence at Petitioner's sentencing for his 1994 conviction, the trial court's failure to hear Petitioner's motion for a new trial under California Penal Code § 1179, and the prosecutor's improper use Petitioner's possession of a condom and sexual innuendos during trial to imply Petitioner's "intent to commit a sexual act upon the victim", are all pertaining to facts which Petitioner has been aware of since at least 2007 when he filed his initial habeas petition in California state court

challenging his 1994 conviction.[9] (*See* ECF No. 8 at 7-8; Lodgment 5); *Rogers v. Giurbino*, 619 F. Supp. 2d 1006 (S.D. Cal. 2007) (denying habeas petition challenging 2004 conviction including claims stemming from admissibility of the sexual intent underlying his 1994 burglaries). As to Petitioner's argument that he is not an attorney and presumably was not aware of the legal significance of these events, 28 U.S.C. 2244(d)(1)(D) does not apply, *See Hansan*, 254 F.3d at 1154 n.3 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Accordingly, U.S.C. § 2244(d)(1)(D) does not govern when Petitioner's limitations period began to run.

### 4. Commencement of the One-Year Statute of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Based on the discussions above, Petitioner's AEDPA limitations period started to run on the ordinary date, when the judgment became final upon "the conclusion of direct review." 28 U.S.C § 2244(d)(1)(A). Accordingly, 28 U.S.C § 2244(d)(1)(A) governs the timeliness of the Petition. Under the AEDPA, Petitioner had one year from the date his conviction became final "by the conclusion of direct review or the expiration of time for seeking such review" to file a petition for writ of habeas corpus in federal court. *Id.*; *see Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1286 (9th Cir. 1997), *as amended on denial of reh'g and reh'g en banc* (Oct. 29, 1997), *and overruled on other grounds by Calderon v. U.S. Dist. Court*, 163 F.3d 530 (9th Cir. 1998).

Petitioner challenged his conviction on direct appeal to the California Court of Appeal, Fourth District, Division One. (Lodgment 3.) The court affirmed Petitioner's conviction on August 29, 1996. (*Id.*) Petitioner did not seek review in the California Supreme Court. (*See* Lodgments.)

---

[9] In all likelihood, Petitioner had access to the factual predicates for his claims at the conclusion of his trial.

When as here "a state prisoner . . . does not seek review in a State's highest court, the judgment becomes 'final" under § 2244(d)(1)(A) when the time for seeking such review expires[.]" *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). Here, the California Court of Appeal's decision was issued on August 29, 1996. (Lodgment 3.) The California Court of Appeal's decision became "final" 30 days after the California Court of Appeal's August 29, 1996 decision, on September 30, 1996.[10] *See* Cal. R. Ct. 24(a) (West Rev. Ed. 1996) ("A decision of a Court of Appeal becomes final as to that court 30 days after filing."). The time to file a petition for review in the California Supreme Court expired 10 days later, on October 10, 1996. *See* Cal. R. Ct. 28(b) (West Rev. Ed. 1996) ("A party seeking review must serve and file a petition within 10 days after the decision of the Court of Appeal becomes final as to that court . . . ."). Thus, the one year limitation period began running against Petitioner the next day, on October 11, 1996. *See* 28 U.S.C. § 2244(d)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (since petitioner did not petition the California Supreme Court for review of the California Court of Appeal decision affirming his conviction, that conviction became final 40 days thereafter); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). The AEDPA limitations period expired one year later in October 1997. Petitioner filed his habeas petition in federal court in 2016, *over nineteen years* after the 1997 deadline. (*See* ECF No. 1.) Unless Petitioner is entitled to statutory or equitable tolling, his action is barred by AEDPA's statute of limitations. *See Calderon*, 128 F.3d at 1288 (AEDPA's statute of limitations may be subject to both statutory and equitable tolling).

### a. Statutory Tolling

---

[10] September 28, 1996, the thirtieth day after August 29, 1996, was a Saturday. Accordingly, September 30, 1996 was the date of finality for the Court of Appeal decision. *See* Cal. Civ. Proc. Code §§ 10, 12a(a); Cal. R. Ct. 8.60(a).

16-cv-01943-MMA-BGS

The AEDPA applies to all federal habeas corpus petitions filed after its enactment in 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The AEDPA tolls the one-year statute of limitations period for the amount of time a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). A petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010). A state prisoner who unreasonably delays in filing a state habeas petition is not entitled to statutory tolling because the petition is not considered "pending" or "properly filed" within the meaning of § 2244(d)(2). *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)).

The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *Nino*, 183 F.3d at 1006. Further, state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

In his Opposition, Petitioner makes no argument that he is entitled to statutory tolling. (*See* ECF No. 18.) Even a cursory review of Petitioner's state habeas petition filings makes it clear that there is insufficient statutory tolling to make his federal Petition timely. As noted above, Petitioner's 1994 conviction became final in October 1997. Petitioner did not file his first state habeas petition challenging his 1994 conviction until around May 2007.[11] (Lodgment 5.) As there is no tolling from the date of finality, in

_____

[11] Respondent did not include the actual petition filed by Petitioner with the San Diego County Superior Court in the Lodgments. However, the order denying the petition was filed on May 22, 2007. (Lodgment

October 1997, until the filing of the first state petition, around May of 2007, Petitioner's one year limitations period to file a federal habeas petition had *already expired* by the time he filed his 2007 habeas petition with the San Diego County Superior Court. *See Porter*, 620 F.3d at 958; *Nino*, 183 F.3d at 1006. Because state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect, *Ferguson*, 321 F.3d at 823, Petitioner's subsequent state habeas petitions have no tolling effect. Thus, statutory tolling does not permit the Petition, filed in 2016, to be considered timely. (*See* ECF No. 1.)

### b. Equitable Tolling

The AEDPA's one-year statute of limitations may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a habeas petitioner has the burden to establish two elements: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." *Id.* at 649 (citing *Pace*, 544 U.S. at 418).

Petitioner did not relying on either of the above grounds to request a period of equitable tolling. (*See* ECF No. 18.) There is no indication in the Petition or in Petitioner's Opposition that Petitioner is entitled to equitable tolling.

### c. Actual Innocence Exception

In rare and extraordinary circumstances, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the one-year statute of limitations applicable to federal habeas petitions under AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). To show actual innocence, the petitioner must meet the threshold requirement set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). This requires a petitioner to "support his

---

5.) Because the exact date of filing is inconsequential to the Court's analysis, as it presumably was after his 2004 conviction for which Petitioner is currently incarcerated, it need not decide the exact date of filing.

allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. Such evidence need not be newly discovered, but it must be "newly presented", meaning that it was not before the trial court. *See Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003).

Further, a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329 [noting the miscarriage of justice exception only applies to cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted the petitioner"]); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met). This exacting standard "permits review only in the extraordinary case, but it does not require absolute certainty about the petitioner's guilt or innocence." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 321). Critically, "actual innocence," for purposes of *Schlup*, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner does not argue that he is "actually innocent" of the residential burglaries he was convicted of in 1994 and is thus entitled to overcome AEDPA's one-year statute of limitations. Further, he has presented no "new evidence" that warrants such a finding. Thus, he is not entitled to tolling pursuant to the actual innocence exception.

### 5. Conclusion

Petitioner's claims are not timely under 28 U.S.C. § 2244(d)(1). As discussed above, despite Petitioner's assertion, the Supreme Court's holding in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) does not apply to his claims. Because of this, his argument that the Petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(C) fails. Further, Petitioner is not entitled to statutory tolling, has provided no basis for equitable tolling, and has not claimed to be actually innocent of the residential burglaries he was convicted of in 1994

by setting forth "new evidence" that warrants such a finding.  Accordingly, the Court **RECOMMENDS** that the Petition be **DISMISSED** as untimely.

### C. Petitioner's Claims are Procedurally Defaulted

Finally, Respondent argues that Petitioner's claims are procedurally defaulted as the California Court of Appeal "denied [Petitioner's] state collateral actions on adequate and independent state procedural grounds", and the Petition should be dismissed.  (ECF No. 16-1 at 13-14.)   In his Opposition, Petitioner appears to invoke the "fundamental miscarriage of justice" exception in an attempt to overcome Respondent's procedural default arguments.  (ECF No. 18 at 5.)  For the reasons discussed below, Petitioner's claims are procedurally defaulted.

#### 1. Applicable Law

"The procedural default doctrine 'bar[s] federal habeas [review] when a state court decline[s] to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'"  *Calderon v. U.S. Dist. Court*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) *modified on other grounds by Martinez v. Ryan*, 566 U.S. 1, 9 (2012)).  For a claim to be procedurally defaulted for federal habeas corpus purposes, the opinion of the last state court rendering a judgment in the case must clearly and expressly indicate that its judgment rests on a state procedural bar.  *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman*, 501 U.S. at 729-30; *Thomas v. Goldsmith*, 979 F. 2d 746, 749 (9th Cir. 1992).

"For the procedural default rule to apply . . . the application of the state procedural rule must provide an adequate and independent state law basis on which the court can deny relief."  *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003); *see also Calderon*, 96 F.3d at 1129 ("Under the adequate and independent state grounds doctrine, [courts] will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).  "A state procedural rule constitutes an

'independent' bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling." *Cooper v. Brown*, 510 F.3d 870, 924 (9th Cir. 2007). "A state procedural rule constitutes an 'adequate' bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *see also Calderon*, 96 F.3d at 1129 ("a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default"). A state court's application of its procedural bars is presumed correct unless "the state court's interpretation is clearly untenable and amounts to a subterfuge to avoid federal review . . . ." *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007) (internal quotation omitted).

The Ninth Circuit follows a burden-shifting approach to determine whether a state bar is adequate. *See Bennett*, 322 F.3d at 585-86. Because it is an affirmative defense, Respondent must first "adequately ple[a]d the existence of an independent and adequate state procedural ground." *Id.* at 586. "[T]he burden [then] shifts to the petitioner to come forward with 'specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule.'" *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (quoting *Bennett*, 322 F.3d at 586). "The ultimate burden of proving adequacy is on the state." *Id.* (citing *Bennett*, 322 F.3d at 585-86). If the state meets this burden, federal review of the claim is foreclosed unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "To establish cause . . . the [petitioner] must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2065 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

## 2. Analysis

16-cv-01943-MMA-BGS

The California Supreme Court denied Petitioner's 2016 state court petition for review without comment or citation. (Lodgments 20.) Where, as here, the California Supreme Court denies a petitioner's claims without comment, the state high court's "silent" denial is considered to rest on the last reasoned decision on these claims, in this case, the grounds articulated by the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991) ("where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits"). Accordingly, the Court considers whether the procedural ground relied on by the California Court of Appeal to deny the petition was an adequate and independent state procedural rule. (*See* Lodgment 16.)

The Court addresses Respondent's procedural bar below and then separately addresses Petitioner's claim regarding a fundamental miscarriage of justice.

### a. Untimely

Respondent argues that in 2016, the California Court of Appeal denied Petitioner's state petition, which raises the same claims he raises in the instant Petition, as "untimely, repetitive, successive, and an abuse of the writ" and that California's timeliness rule constitutes an independent and adequate procedural rule.[12] (ECF No. 16-1 at 14 [citing

---

[12] Respondent alternatively argues the Petition is procedurally defaulted because in 2007, the California Court of Appeal determined that Petitioner could not raise his claims regarding his 1994 conviction on state habeas where he failed to raise them on appeal. (ECF No. 16-1 at 13-14 [citing Lodgment 6].) In holding that Petitioner's "new evidence" was not "new and does not establish clear and fundamental constitutional error . . . entitl[ing] him to further review", the California Court of Appeal cited to *In re Harris*, 5 Cal. 4th 813, 834 (1993). (Lodgment 6 at 2.) Under California law, a petitioner is barred from raising a claim on habeas corpus that could have been but was not raised on appeal. *In re Harris*, 5 Cal. 4th at 834 ("Where an issue was available on direct appeal, the mere assertion that one has been denied a "fundamental" constitutional right can no longer justify a postconviction, postappeal collateral attack, especially when the possibility exists of raising the issue via the ineffective assistance of counsel doctrine."); *In re Dixon*, 41 Cal. 2d 756, 759 (1953). The United States Supreme Court recently held that California's *Dixon* rule is both adequate and independent such as to foreclose federal habeas review. *Johnson v. Lee*, ___ U.S. ___, 136 S. Ct. 1802, 1804 (2016) (per curiam) (holding California's *Dixon* bar is independent and adequate because it "is longstanding, oft-cited, and shared by habeas courts across the Nation"). Accordingly, the Petition is also barred on this alternative procedural ground.

Lodgment 16 and *Walker v Martin*, 562 U.S. 307, 316-21 (2011).].)  In holding that Petitioner's state court petition raising the same claims at issue here was "untimely, repetitive, successive, and an abuse of the writ", the California Court of Appeal cited to *In re Reno*, 55 Cal. 4th 428, 459, 496-97, 501, 511 (2012) and *In re Clark*, 5 Cal. 4th 750, 769, 799 (1993).  (Lodgment 16.)

The timeliness of a habeas petition in California is not governed by fixed statutory deadlines, but instead "California directs petitioners to file claims 'as promptly as the circumstances allow.'"  *Walker v. Martin*, 562 U.S. 307, 310 (2011) (quoting *In re Clark*, 5 Cal. 4th at 765 n.5).  Claims that are "substantially delayed without justification may be denied as untimely."  *Id.* (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th at 765 n.5.)  Here, Petitioner filed the state court at issue petition before the California Court of Appeal in 2016, *nearly twenty years* after his 1994 conviction became final.  (*Compare* Lodgment 15 [petition dated March 22, 2016], *with* Lodgment 3 [August 29, 1996 order affirming 1994 conviction on direct appeal].)

By citing *In re Reno*, 55 Cal. 4th 428, 459, 496-97, 501, 511 (2012) and *In re Clark*, 5 Cal. 4th 750, 769, 799 (1993) in its 2016 denial, the California Court of Appeal invoked California's timeliness rule.  (*See* Lodgment 16); *Walker*, 562 U.S. at 310 (noting that *In re Clark* is a California controlling decision on untimeliness); *In re Reno*, 55 Cal. 4th at 459 ("A criminal defendant mounting a collateral attack on a final judgment of conviction must do so in a timely manner.")  As noted by Respondent, the Supreme Court has held that California's timeliness rule for state habeas petitions constitutes an independent and adequate state procedural ground barring subsequent habeas relief in federal court.  *Walker*, 562 U.S. at 316-22; *see also Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016) ("*Walker* holds that California's timeliness rule is an independent and adequate state law ground sufficient to bar federal habeas relief on untimely claims."); *Bennett*, 322 F.3d at 581 ("We conclude that because the California untimeliness rule is not interwoven with federal law, it is an independent state procedural ground.")  Petitioner has not asserted specific factual allegations to demonstrate the inadequacy of the state procedure, including

citation to authority demonstrating inconsistent application of the rule. *See Carter*, 385 F.3d at 1198. Accordingly, Respondent has adequately established California's timeliness rule is "of an independent and adequate state procedural ground." *See Bennett*, 322 F.3d at 586 ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.").

Petitioner has not attempted to establish "cause for the default and actual prejudice as a result of the alleged violation of federal law" in an attempt to overcome the procedural bar. *See Coleman*, 501 U.S. at 750. Instead, he argues that the failure to consider his claim will result in a fundamental miscarriage of justice, which the Court addresses below.

### b. Fundamental Miscarriage of Justice

Petitioner has not attempted to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." (*See* ECF No. 18 at 5); *Coleman*, 501 U.S. at 750. Instead, he attempts to argue that "failure to consider [his] claims will result in a fundamental miscarriage of justice." (ECF No. 18 at 5.)

The same actual innocence exception discussed above in regard to the timeliness of the Petition under AEDPA also "serves as a gateway through which a petitioner may pass whe[n] the impediment is a procedural bar . . . ." *McQuiggin*, 569 U.S. at 386; *see* Section IV.B.4.c. "[A] petitioner overcomes procedural default if he presents sufficient evidence to 'demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (quoting *Coleman*, 501 U.S. at 750). "To make this showing, a petitioner's case must fall within the 'narrow class of cases . . . involving extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). To pass through this "actual innocence procedural gateway," a petitioner "must show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." *Id.* at 1140 (citation omitted); *McQuiggin*, 569 U.S. at 386 (noting the miscarriage of justice exception only applies to

cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted the petitioner"). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin*, 569 U.S. at 392. Critically, "actual innocence" here "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Here, Petitioner has provided no support for his "fundamental miscarriage of justice" argument. He has not identified or provided any new evidence that demonstrates he was actually, i.e., factually, innocent of the burglaries for which he was convicted in 1994, nor has he asserted his actual innocence. *See Bousley*, 523 U.S. at 623 (requiring "factual innocence"). The Court is not persuaded that "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin*, 569 U.S. at 386. Thus, Petitioner has not shown that a "failure to consider his claims will result in a fundamental miscarriage of justice." *Smith*, 510 F.3d at 1139.

Accordingly, the Court **RECOMMENDS** that the Petition be **DISMISSED** because Petitioner's claims are procedurally defaulted and Petitioner has not met the requirements to proceed pursuant to the fundamental miscarriage of justice exception.

## V. CONCLUSION AND RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Respondent's Motion to Dismiss the Petition (ECF No. 16); and (3) directing that judgment be entered dismissing the Petition with prejudice.

**IT IS HEREBY ORDERED** that no later than **August 31, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **September 7, 2018**.

16-cv-01943-MMA-BGS

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir 1991)).

**IT IS SO ORDERED.**

Dated:  August 10, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge