# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>                Petitioner,<br>v.<br><br>JOSIE GASTELO, Warden,<br><br>                Respondent. | Case No.: 16-cv1943-MMA (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 20]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 16]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Tyrone Rogers ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), filed an amended petition for writ of habeas corpus ("petition") pursuant to Title 28, United States Code, section 2254, challenging his 1994 conviction for two counts of burglary in San Diego County Superior Court. *See* Doc. No. 8. Respondent Josie Gastelo ("Respondent") moves to dismiss the petition arguing that: (1) the Court lacks jurisdiction over the petition as Petitioner cannot satisfy the "in custody" requirement under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); (2) the petition is time-barred under AEDPA; and (3) all claims are

procedurally defaulted. *See* Doc. No. 16. Petitioner filed an opposition to the motion on October 4, 2017. *See* Doc. No. 18. The Court referred the matter to United States Magistrate Judge Skomal for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Skomal has issued a detailed and well-reasoned Report recommending that the Court grant Respondent's motion to dismiss. *See* Doc. No. 20. Petitioner filed objections to the Report and Recommendation on August 31, 2018. *See* Doc. No. 21. For the reasons set forth below, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

## Discussion

### 1. Legal Standard

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### 2. Analysis

As an initial matter, Petitioner asserts no specific objections to the Report and Recommendation. Rather, Petitioner's objections reiterate the same arguments he raised in his petition and in his opposition to Respondent's motion to dismiss. Petitioner generally argues that he meets AEDPA's "in custody" requirement and that his petition is timely. *See* Doc. No. 21.

Pursuant to Rule 72(b), a district judge must conduct a *de novo* review of those portions of the Report and Recommendation that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires "specific written objections to the proposed findings and recommendations." *Id.*; *see also* 28 U.S.C. § 636(b)(1). "Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" *Warling v. Ryan*, No. 12-

CV-1396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)). Thus, the Court "has no obligation to review Petitioner's general objection[s] to the R & R." *Id.*; *see also Lane v. United States*, No. 16-CV-4231-PHX-DGC (DMF), 2018 WL 1581627, at *1 (D. Ariz. Apr. 2, 2018) (noting that the court will not "undertake a global reevaluation of the merits of Petitioner's grounds for relief" to those portions of the report and recommendation that the petitioner did not specifically object to).

In any event, the Court has conducted a *de novo* review of the entire record and finds Petitioner's objections to be without merit. Judge Skomal correctly found that Petitioner has failed to satisfy AEDPA's "in custody" requirement. Further, Judge Skomal correctly concluded that the petition is untimely, *Johnson v. United States*, 135 S. Ct. 2251 (2015), does not apply to Petitioner's claims, statutory and equitable tolling do not make the petition timely, and that Petitioner is not entitled to tolling pursuant to the actual innocence exception.

Accordingly, the Court concludes that Judge Skomal issued an accurate report and well-reasoned recommendation that Respondent's motion be granted and the instant petition be dismissed. The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.

Finally, it appears that in his objections to the Report and Recommendation, Petitioner requests an evidentiary hearing to support his argument that he can satisfy an exception to AEDPA's "in custody" requirement. *See* Doc. No. 21 at 4 (stating that his arguments regarding "the failure to appoint counsel" would be sufficient if the Court were to "grant Petitioner the ability to challenge his prior conviction and hold an evidentiary hearing to question [Petitioner's] claims."). Because Petitioner appears to seek a hearing on jurisdictional and procedural issues, the restrictions set forth by 28 U.S.C. § 2254(e)(2) do not necessary apply to Petitioner's request. Regardless, Petitioner must allege facts which, if true, would entitle him to relief, in order to be entitled to an evidentiary hearing. *See Mendoza v. Carey*, 449 F.3d 1065, 1071 (9th Cir. 2006)

(holding that the petitioner should have been granted a hearing by the district court because the alleged facts, if true, may warrant equitable tolling). Here, upon careful review of the record, the Court finds that Petitioner has not alleged facts that would impact the Court's analysis with respect to Respondent's motion to dismiss. Thus, the Court **DENIES** Petitioner's request for an evidentiary hearing.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set forth above, Petitioner has not shown "that reasonable jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

### CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Recommendation that the petition be dismissed, and **DISMISSES** the petition with prejudice. The Court **DENIES** Petitioner's request for an evidentiary hearing and **DECLINES** to issue a certificate of appealability. The Clerk of Court is instructed to terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Dated: September 19, 2018

Hon. Michael M. Anello
United States District Judge